UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ALEXANDER LENNON,
         Plaintiff,

v.                                                    Case Number: 25-815

ALKAR-RAPIDPAK, INC.,

         Defendant.

---

## COMPLAINT

---

NOW COMES the Plaintiff, Alexander Lennon, through his counsel, Alan C. Olson & Associates, S.C., by Alan C. Olson, and, as and for a Complaint against the above-named Defendant, ALKAR-RapidPak, Inc., alleges and shows to the Court as follows:

### NATURE OF THE CASE

1.      This action brought by Plaintiff Alexander Lennon, alleges that Defendant, ALKAR-RapidPak, Inc. denied payment of overtime premium wages at one and one-half times the regular rate for hours worked over forty (40) hours per workweek. Lennon has suffered a wage loss as the result of this policy.

2.      Lennon also brings a supplemental Cause of Action for non-payment of overtime wages in violation of Wis. Stat. Ch. 109.

### JURISDICTION AND VENUE

3.      This court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

4.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims of Lennon occurred in this District and Defendant has substantial and systematic contacts in this District.

DEMAND FOR JURY TRIAL

6.      Lennon hereby requests a trial by jury, pursuant to Fed.R.Civ.P. 38(b).

PARTIES

7.      Plaintiff Alexander Lennon ("Lennon"), is an adult who resides at 215 S. Century Ave, #227, Waunakee, WI 53597. Lennon was employed by ALKAR-RapidPak, Inc. during the time period prescribed by the applicable statutes of limitations.

8.      Defendant ALKAR-RapidPak, Inc. ("ALKAR") is a corporation organized and existing under the laws of the State of Wisconsin, engaged in manufacturing from its headquarters located at 932 Development Drive, Lodi, WI 53555.

OPERATIVE FACTS

9.      Lennon worked for ALKAR under the title of CAD Applications Engineer during the time period prescribed by the applicable statutes of limitations.

10.     Lennon was misclassified as an exempt employee because he was not employed in a bona fide executive, administrative, or professional capacity.

11.     Lennon did not perform primary duties directly related to management or general business operations.

12.     Lennon did not perform primary duties that included the exercise of discretion and/or independent judgment.

13.     Lennon did not perform primary duties of management of the enterprise or a recognized subdivision thereof.

14.     Lennon did not customarily and regularly direct the work of two or more other employees.

15.     Lennon did not have the authority to hire or fire persons and his opinions or recommendations were not sought and were not given particular weight regarding the hiring,

2

firing, and promotion of individuals.

16.     Lennon was not employed in a managerial capacity as contemplated by Wis. Stat. Ch. 109.

17.     ALKAR established the weekly schedule for Lennon including requiring him to work more than forty (40) hours in a workweek.

18.     Lennon had regularly worked in excess of forty (40) hours in a week in various workweeks during the relevant statutory period.

19.     ALKAR's policy was to pay Lennon a fixed, weekly rate for the work he performed regardless of the number of hours of work performed.

20.     ALKAR's policy was to compensate Lennon at his same flat weekly rates for all hours worked in a workweek, including hours worked over forty (40) in a workweek.

21.     As a result of ALKAR's policy to pay Lennon the same flat weekly rate, regardless of the number of hours of work he performed in a workweek, ALKAR did not pay Lennon overtime compensation at time and one-half his regular rates for hours worked over forty (40) in a workweek during the relevant statutory period.

22.     Upon information and belief, ALKAR does not maintain complete and accurate time records for Lennon.

23.     ALKAR's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Lennon.

**FIRST COUNT**
**VIOLATION OF FLSA**

24.     As and for a first count, Lennon re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

25.     Throughout the statutory period, Lennon has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

26.     ALKAR is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

27.     Throughout the statutory period, ALKAR is and was an employer of Lennon

as provided under the FLSA.

28.     ALKAR violated the FLSA by failing to account for and pay Lennon mandated overtime premium compensation for each hour that Lennon worked each workweek.

29.     Lennon is entitled to damages equal to mandated overtime premium pay within the three years prior to the filing of the complaint, plus periods of equitable tolling because ALKAR acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

30.     ALKAR's failure to properly compensate Lennon and failure to properly record all compensable work time was willfully perpetrated and Lennon is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above, pursuant to 29 U.S.C. § 216(b).

31.     Alternatively, should the Court find that ALKAR did not act willfully in failing to pay mandated overtime premium wages, Lennon is entitled to an award of pre-judgment interest at the applicable legal rate.

32.     Pursuant to 29 U.S.C. § 216(b), if successful, Lennon is entitled to reimbursement of the costs and attorneys' fees expended in prosecuting this lawsuit for unpaid overtime premium compensation.

SECOND COUNT
VIOLATION OF WISCONSIN WAGE CLAIM LAW

33.     As and for a second count, Lennon re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

34.     Throughout the statutory period, Lennon was an employee within the meaning of Wis. Stat. §§ 109.01, 103.001, 104.01.

35.     Throughout the statutory period, ALKAR was an employer within the meaning of Wis. Stat. § 109.01.

36.     Throughout the statutory period, ALKAR was an employer within the meaning of Wis. Stat. § 103.001.

4

37.    Throughout the statutory period, ALKAR was an employer within the meaning of Wis. Stat. § 104.01.

38.    Throughout the statutory period, ALKAR was an employer within the meaning of Wis. Admin Code DWD 272.01.

39.    Throughout the statutory period, ALKAR had employed Lennon within the meaning of Wis. Stat. § 109.01 *et seq.*

40.    Throughout the statutory period, ALKAR had employed Lennon within the meaning of Wis. Stat. § 103.01 *et seq.*

41.    Throughout the statutory period, ALKAR had employed Lennon within the meaning of Wis. Stat. § 104.01 *et seq.*

42.    Throughout the statutory period, ALKAR had employed Lennon within the meaning of Wis. Admin Code DWD 272.01 *et seq.*

43.    Throughout the statutory period, ALKAR had employed Lennon within the meaning of Wis. Admin Code DWD 274.01 *et seq.*

44.    Throughout the statutory period, Lennon regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

45.    At all relevant times, ALKAR had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Lennon the mandated overtime compensation.

46.    Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

47.    The foregoing conduct constitutes continuing, willful violations of Wisconsin law requiring the payment of overtime wages.

48.    Lennon has sustained losses in his compensation as a proximate result of ALKAR's violations of Wisconsin law.

49.    Accordingly, Lennon seeks damages in the amounts of his unpaid compensation, injunctive relief requiring ALKAR to cease and desist from its violation of the Wisconsin law

described herein and to comply with it, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Lennon may be entitled to exemplary damages equal and up to fifty percent (50%) of the unpaid wages.

50.    Lennon seeks recovery of attorneys' fees and the costs of this action to be paid by ALKAR, pursuant to Wisconsin law.

WHEREFORE plaintiff, Alexander Lennon, demands relief as follows:

A.    Issuance of an order, pursuant to 28 U.S.C. § 2201-2202, declaring and finding that ALKAR's actions described in this Complaint are unlawful and in violation of Wisconsin law;

B.    An order finding that ALKAR's violations of the FLSA and Wisconsin law were willful;

C.    Judgment against ALKAR in the amount equal to the Plaintiff's unpaid wages at the applicable overtime rates;

D.    An award in the amount of all liquidated damages and penalties as provided under the FLSA and Wisconsin law;

E.    An award in the amount of all costs and attorneys' fees incurred prosecuting these claims; and

F.    Such further relief as the Court deems just and equitable.

Dated this 30th day of September, 2025.

*Electronically signed by Alan C. Olson*
Alan C. Olson, Bar No. 1008953
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com

6