**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ALEXANDER LENNON, | |
| Plaintiff, | |
| v. | Case No.: 3:25-cv-00815 |
| ALKAR-RAPIDPAK, INC.; THE MIDDLEBY CORPORATION, | |
| Defendants. | |

**UNOPPOSED MOTION FOR FIRST EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT AND MOVE THE REMAINING PRETRIAL DEADLINES AND THE TRIAL DATE IN THIS CASE**

Defendant Alkar-RapidPak, Inc. ("Alkar" or "Defendant") hereby respectfully moves this Court for a first extension of time to complete discovery, file dispositive motions, and continue the remaining pretrial deadlines and the trial date in this matter. In support of this motion, Alkar states as follows:

1. On September 30, 2025, Plaintiff filed his original two-count Complaint alleging that he was misclassified as an exempt employee under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and Wisconsin wage laws, including Wis. Stat. §§ 109.01 *et seq.* (ECF No. 1.)

2. On June 3, 2026, Plaintiff filed an Amended Complaint pursuant to leave granted by the Court. (ECF No. 20, 21.)

3. The Amended Complaint names an additional defendant, The Middleby Corporation. (ECF No. 21.) A summons has not been issued nor served on The Middleby Corporation. (*See* CM/ECF case docket).

4. In addition to naming an additional party, Plaintiff's Amended Complaint also includes three additional claims that meaningfully expand the scope of the case and discovery.

Specifically, in the newly-added Third Count, Plaintiff alleges a retaliatory termination claim under the FLSA. In the Fourth Count, Plaintiff alleges he was not properly paid accrued but unused paid time off in violation of Wis. Stat. §§ 109.01 and 109.03. Finally, in the Fifth Count, Plaintiff asserts a claim against The Middleby Corporation for "joint employer liability." (*Compare* ECF No. 1 *with* ECF No. 21.)

5.      The amendments significantly broaden the scope of this litigation beyond the narrow, classification-based overtime dispute presented in the original Complaint. The addition of a second defendant under a joint employment theory introduces new factual and legal questions regarding corporate structure, intercompany relationships, control over Plaintiff's employment, and allocation of liability, all of which require substantial additional written discovery and document collection. Likewise, Plaintiff's newly asserted retaliatory termination claim expands discovery to encompass the circumstances of Plaintiff's separation, including internal communications, decision-making processes, and testimony from additional witnesses not previously implicated.

6.      Further, the vacation pay claim under Wisconsin law necessitates discrete discovery into Alkar's policies and practices regarding paid time off, accrual, forfeiture, and payout, as well as Plaintiff's individual records.

7.      These new claims collectively require Alkar (and The Middleby Corporation, if properly served) to identify, collect, review, and produce a materially broader universe of documents and electronically stored information, and to take and/or defend additional depositions beyond those relevant to exemption status and overtime calculations. In short, what was once a relatively discrete wage-and-hour classification case has evolved into a multi-claim, multi-

defendant action requiring substantially expanded factual development, thereby justifying a corresponding extension of the current scheduling deadlines.

8.      In addition, the Parties are exploring the possibility of resolution and a settlement conference is currently scheduled before Magistrate Judge Wiseman on June 30, 2026, at 9:00 a.m. (*See* docket entry[1] dated May 15, 2026.)

9.      Pursuant to the Court's Pretrial Scheduling Order (ECF No. 14), the current deadlines are as follows:

- Dispositive Motions: July 23, 2026

- Fact Discovery Completion: November 16, 2026

- Settlement Letters: November 20, 2026

- Rule 26(a)(3) Disclosures and Motions *in Limine*: December 4, 2026 (responses due December 18, 2026);

- Final Pretrial Conferences: December 29, 2026 and January 5, 2027

- Trial: January 11, 2027

10.     Alkar is in the process of collecting and producing electronically stored information, including extensive email communications, in light of the newly filed Amended Complaint, and anticipates completing a production within the next thirty (30) days. Alkar also noticed Plaintiff's deposition for July 14, 2026.

11.     Plaintiff has indicated an intent to depose several Alkar management and/or former employee witnesses but has not yet proposed dates for those depositions or sent notices of deposition. Presumably, Plaintiff also intends to propound written discovery and seek depositions from The Middleby Corporation.

---

[1] No docket entry number was assigned to the docket entry.

12.     In light of the foregoing, Alkar believes that additional time is necessary to allow the Parties to focus their efforts in the next two months to settlement efforts and, if settlement is unsuccessful, to complete discovery prior to filing dispositive motions. Accordingly, Alkar requests a ninety (90)-day extension of the relevant deadlines. The proposed revised schedule is as follows:

- Deadline to file dispositive motions: **October 21, 2026**

- Final discovery cutoff: **February 15, 2027**

- Settlement letters due: **February 19, 2027**

- Rule 26(a)(3) disclosures and motions *in limine*: **March 4, 2027** (responses due **March 18, 2027**)

- Final pretrial conferences:

    1. First Final Pretrial: **Monday, March 29, 2027 at 2:30 p.m.;** and

    2. Second Final Pretrial: **Monday April 5, 2027 at 2:30 p.m.**

- Trial date: **Monday, April 12, 2027**

13.     The requested extension will allow the parties to complete necessary written and oral discovery and provide Alkar with a reasonable opportunity to prepare a motion for summary judgment upon completion of such discovery. Extending the pretrial and trial dates will also afford the Court adequate time to consider and decide any dispositive motions, which may narrow or moot issues for trial.

14.     This request is made in good faith, not for purposes of delay, and is Alkar's first request for an extension. Plaintiff will not be prejudiced by the requested relief.

15.     On June 10, 2026, counsel for Alkar conferred via email with Plaintiff's counsel, who confirm that Plaintiff does not object to the relief requested herein.

4

**WHEREFORE**, Alkar respectfully requests that the Court enter a revised pretrial scheduling order consistent with the deadlines set forth above.

Date: June 12, 2026

DEFENDANT ALKAR-RAPIDPAK, INC.

 s/ *Christina Jaremus*
Kyle A. Petersen
John Drury
Christina Jaremus
Hannah Sosenko
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Email: kpetersen@seyfarth.com
Email: jdrury@seyfarth.com
Email: cjaremus@seyfarth.com
Email: hsosensko@seyfarth.com
*Attorneys for Defendant Alkar-RapidPak, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, a true and correct copy of the foregoing Motion has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Alan C. Olson
Nicholas O. Yurk
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com
Email: NYurk@Employee-Advocates.com
*Counsel for Plaintiff*

*/s/ Christina Jaremus*
Christina Jaremus
*Attorneys for Defendant Alkar-RapidPak, Inc.*

5